UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERMC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-407-DCP |
| | ) | |
| MILLERTOWN PAVILION, LLC, f/k/a | ) | |
| KNOXVILLE PARTNERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| SECURAMERICA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-408-DCP |
| | ) | |
| MILLERTOWN PAVILLION, LLC f/k/a | ) | |
| KNOXVILLE PARTNERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

These cases are before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment.

Now before the Court is Defendant's Motion to Dismiss Complaints for Lack of Subject Matter Jurisdiction. [Doc. 28] Defendant moves the Court to dismiss the complaints in these two matters pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. More specifically, Defendant contends that the requirements for diversity jurisdiction have not been met in this case. Plaintiffs have filed a response in opposition [Doc. 35] and Defendant has filed a reply [Doc. 36], so this matter is ripe for adjudication.

## I. Background

On or around October 7, 2016, Defendant entered into two service contracts (the "Agreements") with non-party TriState Security of America, LLC d/b/a Russel Security ("Tristate"). [Doc. 1 at ¶ 7] TriState is a Tennessee Limited Liability Company. [Doc. 1-1] The Agreements provided that TriState would provide certain services at Knoxville Center Mall (the "Mall"), which was operated by Defendant. [Doc. 1 at ¶ 8] One of the Agreements covered the provision of janitorial services, and the other provided for security services at the Mall.[1] [*Id.*] On November 17, 2017, the Agreements were assigned to two different companies, with the janitorial contract going to plaintiff ERMC, LLC and the security contract going to Securamerica, LLC. (collectively "Plaintiffs") [Doc. 1 at ¶ 12] Eventually, Defendant allegedly failed to pay for the services provided under the Agreements, resulting in these two breach of contract actions. [Doc. 1 at ¶ 30-35]

Plaintiffs are both limited liability companies ("LLC") organized under the laws of Delaware. [Doc. 1 at ¶ 1] All Plaintiffs' members are citizens of Georgia. [*Id.*] Defendant is an LLC organized under the laws of Delaware. [Doc. 1 at ¶ 2] Plaintiffs allege "on information and belief" that "no member of Defendant is a citizen of Georgia." [*Id.*] There is currently no evidence before the Court regarding the citizenship of the members of TriState.

## II. Positions of the Parties

Defendant raises three issues in its Motion to Dismiss: 1) that there is no diversity of citizenship between the parties because all the parties are LLCs organized under the laws of Delaware; 2) Plaintiffs have not pled facts sufficient to ensure that diversity of citizenship exists

---

[1] There are two separate cases which have been consolidated. Case number 3:19-cv-407 involves the janitorial services contract. Case number 3:19-cv-408 involves the security services contract. The Complaints and facts in both cases are substantially similar, so, for ease of reference, the Court will cite to documents only within 3:19-cv-407.

2

between the parties because some of their allegations are based on information and belief; and 3) diversity jurisdiction is improper under 28 U.S.C. § 1359 because the Agreements were originally between Defendant and TriState and were then assigned to Plaintiffs.

Plaintiffs oppose the motion, arguing that: 1) the citizenship of an LLC is determined by the citizenship of its members, not what laws the LLC is organized under; 2) that it has sufficiently pled the question of citizenship; and 3) that the assignment of the Agreements was not arranged for the creation of diversity jurisdiction. The Court will address each of these arguments in more detail below.

### III.     Standard of Review

Pursuant to Rule 12(b)(1), a claim for relief may be dismissed if the court lacks subject matter jurisdiction. "A plaintiff bears the burden of proving jurisdiction and a court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Zundel v. Mukasey*, No. 3:03-cv-105- 2009 WL 3785093, at *3 (E.D. Tenn. Nov. 10, 2009) (citing *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 224 (6th Cir. 2007)) (other citations omitted). A challenge of jurisdiction may be made through a facial attack or a factual attack. *Gentek Bld. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 326 (6th Cir. 1990)). A facial attack challenges the sufficiency of the pleading, and a court must take the allegations in the complaint as true. *Id.*; *see also Smith v. Bd. of Trustees Lakeland Cmty. Coll.,* 746 F. Supp. 2d 877, 888 (N.D. Ohio 2010) (explaining that that the court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party, similar to the standard for a Rule 12(b)(6) motion, when presented with a facial attack). "On the other hand, where there is a factual attack, the Court must weigh the conflicting evidence provided by the plaintiff and the defendant to determinate whether

3

subject matter jurisdiction exists." *U.S. v. Chattanooga-Hamilton Cnty Hosp. Authority*, 958 F. Supp. 2d 846, 854 (E.D. Tenn. 2013) (citing *Gentek*, 491 F.3d at 330). The Court may consider evidence, including but not limited to, "affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* (citing *Gentek*, 491 F.3d at 330). "The party asserting that subject matter jurisdiction exists has the burden of proof." *Id.* (citing *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007)).

### IV. Analysis

#### a. First Argument

Defendant's first argument is that diversity is lacking because the parties are all LLCs organized under the laws of Delaware. Defendant contends that the citizenship of an LLC is determined by looking at both the citizenship of the LLC's members, and at what state the LLC is organized under. In support of its argument, Defendant points to the case of *Quorum Health Res., LLC v. Lexington Ins. Co.*, No. 3:11-cv-00449, 2015 WL 13505211 (M.D. Tenn. Feb. 25, 2015). The *Quorum* court found that complete diversity did not exist, but Defendant overlooks one critical detail. One of the parties in *Quorum* was a limited liability partnership and one was a corporation. *Id.* at *2. The limited partnership's sole member was also a corporation. *Id.* Because the member was a corporation, the state under which the limited partnership's member was organized was relevant to the question of diversity. Thus, the court was looking at the state in which the member was organized, not the state in which the limited partnership itself was organized.

The long-standing rule for an LLC is that "all unincorporated entities--of which a limited liability company is one--have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). The *Delay* court also held that "the parties erred in assuming that a limited liability company, like a corporation, is a citizen of its states of

4

organization and principal place of business." *Id*. Thus, the fact that all the parties in this matter are LLCs organized under the laws of Delaware is irrelevant to the question of diversity.

### b. Second Argument

Defendant's second argument is that Plaintiffs have not sufficiently plead the citizenship of the members of the various LLCs. Specifically, Defendant argues that the allegation that "upon information and belief, no member of Defendant is a citizen of Georgia" is insufficient to establish diversity jurisdiction. Defendant argues, rightfully so, that it is Plaintiffs' burden to plead sufficient facts to fully establish diversity jurisdiction.

The question of whether an allegation as to citizenship based on information and belief is fatal to the question of diversity would seem to be a novel one. However, the Court has found a case, citing to other cases, which adopts that position: *Sheikh v. York*, No. 11-CV-13750, 2011 U.S. Dist. LEXIS 125478 (E.D. Mich. Oct. 31, 2011). The *Sheikh* court held that "a mere conclusory statement 'on information and belief' is not sufficient to establish the court's jurisdiction." *Id*. at *6 (citations omitted). The court went on to hold that "simply stated, 'information and belief' averments do not constitute competent proof supporting jurisdictional allegations." *Id*. (citation omitted).

Thus, there is case law, though non-binding, holding that information and belief allegations are insufficient to establish diversity jurisdiction. As Plaintiffs relied on an information and belief allegation to establish the citizenship of the members of Defendant, there is a question of whether diversity jurisdiction is proper. However, as the Court noted above, in exploring this issue, the Court may consider evidence, including but not limited to, "affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *U.S. v. Chattanooga-Hamilton Cnty Hosp. Authority*, 958 F. Supp. 2d 846, 854 (citing *Gentek*, 491 F.3d at 330).

In this instance, the pertinent question is whether any of Defendant's members are citizens of Georgia. Rather than dismissing the case, the Court believes that it would be appropriate to explore the issue further and allow a chance for Plaintiffs to resolve any concerns over jurisdiction. The Court will address the question of how this exploration should be undertaken in further detail below, after resolving the remaining argument raised by Defendant.

### c. Third Argument

The final argument Defendant raises in support of its Motion boils down to an argument that diversity was manufactured in order to create jurisdiction in violation of 28 U.S.C. § 1359. Section 1359 is violated by assignment or transfer that is feigned or merely colorable, rather than absolute or genuine, and where transfer is made for sole purpose of creating diversity of citizenship jurisdiction. *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823 (1969). In considering a similar issue, whether the appointment of a receiver ran afoul of section 1359, the Sixth Circuit suggested several factors for courts to consider, including: 1) whether the fiduciary has duties other than prosecuting the lawsuit; 2) whether the fiduciary is the "natural" representative; 3) whether the appointment was in fact motivated by a desire to create diversity jurisdiction; and 4) whether the suit is local in character. *Gross v. Hougland*, 712 F.2d 1034, 1038-39 (6th Cir. 1983).

In this instance, it is clear that Plaintiffs had duties other than prosecuting this lawsuit, as they provided cleaning and security services to Defendant for approximately two years under the Agreements, with services beginning sometime on or before November 2017, when Defendant consented to the assignment of the Agreements [Doc. 21-1, Ex. C], and with services ending on or around September 29, 2019, based on the termination letter Plaintiffs sent to Defendant. [Doc. 21-1, Ex. D] With respect to the second factor, the Court finds that Plaintiffs are the "natural" representatives, as they are the parties to whom the Agreements were assigned, the parties who

6

provided the cleaning and security services during the period at issue in this suit, and the parties who were potentially injured when the invoices for those services were not paid.

With respect to the third factor, the Court finds that the assignment was not undertaken simply to create diversity jurisdiction. First, there is no evidence before the Court regarding the citizenship of the assignor, TriState. Thus, it is not clear that TriState is a citizen of Tennessee. (see ruling above regarding the citizenship of LLCs). However, assuming arguendo that TriState is a citizen of Tennessee, other courts have found that where a note was assigned to plaintiff by plaintiff's wholly-owned foreign subsidiary within six weeks of its execution but 17 months prior to filing suit and where assignment was for at least facially valid business purposes, that that assignment was not merely for the purpose of creating jurisdiction. *Drexel Burnham Lambert Group, Inc. v. Galadari*, 777 F.2d 877 (2d Cir. 1985). In this instance, the assignment occurred approximately two years before the October 16, 2019, filing of the instant suits.

With respect to the final factor, whether the suit is local in character, Plaintiffs are citizens of Georgia. While they did take on the responsibility to perform cleaning and security services in Tennessee, they still retained their Georgia citizenship. Thus, absent any signs of improper motive, and absent some actual evidence that Defendant is a citizen of Georgia, the case is one that involves diverse, not local parties.

After considering the *Gross* factors, as well as the record as a whole, the Court finds that the assignment of the Agreements was not made for the purpose of creating diversity jurisdiction.

### V. Conclusion

As set forth more fully above, the Court rejects Defendant's first and third arguments as to why this matter should be dismissed. However, the Court finds that Defendant's second argument does raise a potential issue with respect to the existence of complete diversity, one which needs to

be resolved before the case can continue. Specifically, evidence is needed to determine whether any of the members of the Defendant LLC are citizens of Georgia. As the burden lies on Plaintiff to establish jurisdiction, the Court will not order Defendant to state the citizenship of its members. However, given the ongoing pandemic, and the time and expense that an evidentiary hearing would create, the Court hesitates to proceed immediately down that route.

Instead, the Court rules that all other deadlines and activity in this case shall be **STAYED** until such time as the issue of jurisdiction can be resolved. The parties are **ORDERED** to meet and confer to discuss whether they are willing to stipulate as to the citizenship of the members of Millertown Pavilion, LLC, and **within ten days of the entry of this Order**, file a Joint Status Report as to that issue. If the parties are unable to reach agreement as to a stipulation, then the Court will schedule an in person evidentiary hearing, and Plaintiffs will be allowed to subpoena the witnesses and/or documents necessary to establish the citizenship of the members of Millertown Pavilion, LLC.

**IT IS SO ORDERED**.

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge