UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ERMC, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CV-407-DCP |
| ) | *Lead Case* |
| MILLERTOWN PAVILION, LLC, f/k/a ) | |
| KNOXVILLE PARTNERS, LLC, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| SECURAMERICA, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CV-408-DCP |
| ) | |
| MILLERTOWN PAVILLION, LLC f/k/a ) | |
| KNOXVILLE PARTNERS, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

These cases are before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment.

The matter is before the Court sua sponte. During the pretrial conference on January 5, 2021, the parties reported to the Court that their witnesses would be testifying remotely. Plaintiffs have included eight (8) specific individuals on their witness list [Doc. 43], and Defendant has included an additional witness [Doc. 42] on its witness list. Thus, the parties will present the testimony of approximately nine (9) witnesses during this bench trial.

Federal Rule of Civil Procedure 43 provides, "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a). Rule 43 further states, "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). In the present matter, the Court finds good cause in these compelling circumstances to allow the witnesses to testify remotely. *See Argonaut Ins. Co. v. Manetta Enterprises, Inc.*, No. 19CV00482PKCRLM, 2020 WL 3104033, at *2 (E.D.N.Y. June 11, 2020) ("The Court finds that the COVID-19 pandemic, and the months' long delay it has caused—indeed, continues to cause—in all court proceedings, constitutes good cause and compelling circumstances to hold the bench trial in this matter via video-conference.") (internal quotations omitted).

Specifically, the Court finds that the issues caused by the current health pandemic warrant conducting the trial by video conferencing. As the parties are fully aware, COVID-19 has caused significant disruptions to everyday life, including court proceedings. According to the recommendations by the Centers for Disease Control and Prevent ("CDC"), individuals should stay at least six feet apart from others and avoid crowds. *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (lasted visited Jan. 7, 2021). During the status conference on December 3, 2020, the parties indicated that several of the witnesses resided out-of-state and would need to travel for the trial. In addition, the parties stated that several witnesses are elderly. The CDC has determined that older adults are "[a]t greater risk of requiring hospitalization or dying if diagnosed with COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last

visited Jan. 7, 2021). Under such compelling circumstances, the Court finds a bench trial using a virtual format warranted. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.").

In making this determination, the Court has also considered continuing the trial. As stated, in the Court's previous Order, however, it is not clear when the concerns related to COVID-19 will be alleviated. The Court finds the better course of action is to proceed with the bench trial via video conferencing as opposed to postponing this case indefinitely. The Court is also persuaded that the trial can be effectively tried using a virtual format given the short duration of the trial (i.e., one to two days) as indicated by the parties at the pretrial conference. This conclusion is reinforced by the limited nature of the issues to be tried and testimony to be presented. *See* [Doc. 52] (Memorandum and Order).

Finally, as other courts have found, appropriate safeguards can be established through video conference testimony "to ensure accurate identification of the witness and that protect against influence by persons presen[t] with the witness." *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 972 (D. Minn. 2020) (internal quotations omitted). Accordingly, for good cause in these compelling circumstances, the Court exercises its discretion under Rule 43(a) and **ORDERS** that the bench trial in this matter be conducted via video conference.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge